UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTOR L. CANDELARIO,<br><br>                Petitioner,<br><br>   v.<br><br>RON VAN BOENING,<br><br>                Respondent. | Case No.  C08-5124 BHS/KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>**Noted for: April 4, 2008** |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner is an inmate at the McNeil Island Corrections Center in Steilacoom, Washington. He filed an application to proceed *in forma pauperis* (Dkt. # 1), but has paid the $5.00 filing fee. Accordingly, the court should deny the application.

**DISCUSSION**

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

On February 29, 2008, the Clerk received Petitioner's application to proceed *in forma pauperis*. (Dkt. # 1). On March 3, 2008, the Clerk of Court advised Petitioner that his filing was deficient in that a copy of his prison trust account statement was required to complete his application. (Dkt. # 2). On

REPORT AND RECOMMENDATION
Page - 1

1  March 11, 2008, Petitioner paid the $5.00 filing fee. Because he has paid the filing fee, Petitioner's
2  application to proceed *in forma pauperis* is moot.

## CONCLUSION

4  Because Petitioner has paid the filing fee, the undersigned recommends that the Court deny his
5  application to proceed *in forma pauperis*.

6  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("Fed.
7  R. Civ. P."), Petitioner shall have ten (10) days from service of this Report and Recommendation to file
8  written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of
9  those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time
10 limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **April 4, 2008**, as
11 noted in the caption.

12  DATED this  17th  day of March, 2008.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge