UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTOR L. CANDELARIO,<br><br>Petitioner,<br><br>v.<br><br>RON VAN BOENING,<br><br>Respondent. | Case No.  C08-5124BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 2, 2008 |

Petitioner is a state prisoner currently incarcerated at McNeil Island Corrections Center, located in Steilacoom, Washington.  This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this Court pursuant to 28 U.S.C. § 2254.  After a careful review of the record, the undersigned submits the following report and recommendation, recommending the Court deny the petition for failure to exhaust his state court remedies.

## DISCUSSION

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus may not be implied or inferred.  A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v.

1  Tamayo-Reyes, 504 U.S. 1, 8 (1992).

2  It is not enough that all of the facts necessary to support the federal claim were before the state
3  courts, or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, 366 (1995)
4  (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)). A federal
5  claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum,
6  (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim."
7  Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner
8  "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully
9  present the legal basis of the claim." Id.

10  The claim must be fairly presented in "each appropriate state court," that is, at each level of state
11  review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass
12  upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29
13  (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th
14  Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or
15  petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to
16  federal case law." Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33.

17  On February 29, 2008, petitioner filed an application to proceed *in forma pauperis* and a petition
18  for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #1-#5). In his petition, petitioner sets forth
19  a claim challenging his being incarcerated past his release date. Specifically, petitioner alleges that he has
20  been so held, because while the Washington State Department of Corrections will only release him to the
21  county in which he was convicted, he is being denied such release as he has no means of support there.
22  However, as it appeared petitioner had not presented his claim to the state's highest court, the
23  undersigned issued an order on March 18, 2008, ordering him to show cause why his petition should not
24  be dismissed for failure to exhaust his state court remedies. (Dkt. #7).

25  On April 2, 2008, petitioner filed a response to the undersigned's order in which he more or less
26  reiterates the same allegations contained in his petition. He also asks for lenience and understanding of
27  his circumstances, but does not directly respond to the issue of exhaustion of state court remedies. While
28  the undersigned certainly can understand the difficulties petitioner presently faces, the law is clear here in

REPORT AND RECOMMENDATION
Page - 2

that to proceed with his petition in this Court, he first must exhaust all state court remedies.  He has not done so here.  Specifically, neither the petition nor the record before the Court shows his claim for federal *habeas corpus* relief has been presented to the Washington State Supreme Court.  Accordingly, it appears that the petition in this case is unexhausted.

## CONCLUSION

Because it appears that petitioner has failed to exhaust all of his state court remedies, the court should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **May 2, 2008**, as noted in the caption.

DATED this 8th day of April, 2008.

Karen L. Strombom
United States Magistrate Judge